**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4323**

———————

UNITED STATES OF AMERICA,

                             Plaintiff - Appellee,

    versus

MAURICE LYDELL BARNETTE,

                             Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:04-cr-00227-01)

———————

Submitted: October 17, 2006         Decided: October 19, 2006

———————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Steven T. Meier, MALONEY & MEIER, L.L.C., Charlotte, North Carolina, for Appellant.  C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Maurice Lydell Barnette pled guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment in violation of 18 U.S.C. § 922(g) (2000). The district court determined that Barnette qualified for sentencing as an armed career criminal, and sentenced him to 212 months of imprisonment. On appeal, counsel filed an <u>Anders</u>[*] brief, in which he states that there are no meritorious issues for appeal, but suggests that the district court erred in including a prior conviction for larceny from a person in the presentence report (PSR), and erred in sentencing Barnette as an armed career criminal. Barnette was advised of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

In considering whether the district court properly designated Barnette as an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. <u>United States v. Wardrick</u>, 350 F.3d 446, 451 (4th Cir. 2003). Counsel first suggests the district court erred in including a conviction for larceny from a person in the PSR. Counsel does not dispute the validity of the conviction, but essentially argues that this conviction did not constitute a conviction of a violent felony under the Armed Career Criminal Act,

---

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

18 U.S.C. § 924(e) (2000). However, even assuming that Barnette's conviction for larceny from a person is not a predicate offense, Barnette still has more than three predicate offenses that qualify him as an armed career criminal--convictions for assault with a deadly weapon inflicting serious injury, and convictions for breaking and entering on more than three separate occasions. United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006). We therefore conclude that no error occurred in applying the armed career criminal statute in this case.

Counsel also suggests that the district court erred in determining that Barnette's base offense level as an armed career criminal was thirty-four, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4B1.4(b)(3)(A) (2004), because he used or possessed the firearm in connection with a crime of violence. Counsel suggests that the evidence that Barnette actually fired the firearm in question was not sufficient to warrant the higher offense level, and that the base offense level should have been thirty-three, pursuant to USSG § 4B1.4(b)(3)(B). Our review of the record convinces us that, at a minimum, Barnette aided and abetted the discharge of the firearm at or into an occupied vehicle. The district court properly applied the greater base offense level pursuant to USSG § 1B1.3(a)(1)(A) (base offense level determined on

the basis of "all acts and omissions committed, aided, abetted, . . . or willfully caused by the defendant").

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Barnette's conviction and sentence. This court requires that counsel inform Barnette, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnette. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>